UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL LEE LEDFORD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: 1:18 CV 364 |
| | ) |
| ANDREW D. HAHN, et al | ) |
| | ) |
| Defendant. | ) |
| | ) |

**OPINION AND ORDER**

Plaintiff, Carl Lee Ledford ("Ledford"), proceeding *pro se*, has multiple cases pending in this Court and assigned to the undersigned. (*See also, Ledford v. Lamartz*, 1:18 CV 363 and *Ledford v. Escutia*, 1:18 CV 365). Each of these cases before the undersigned derived from an order in *Ledford v. Shefferly et al.,* Case No. 1:17-CV-438 TLS wherein Magistrate Judge Cherry ordered the case be severed into four separate cases due to misjoinder of the parties in Ledford's Complaint. [DE 120]. As a result, three of those four cases were issued new case numbers and were randomly reassigned to the undersigned.

In each of these three cases pending before the undersigned, Ledford has filed identical motions, captioned Motion for Entry of Default, for Summary Disposition and Request for a Jury Trial. [DE 132]. These are motions that have previously been filed in *Ledford v. Shefferly et al.,* Case No. 1:17-CV-438, incorporated into the record in this case, and denied. Ledford appears to seek a different outcome by refiling these same motions in the individually severed cases. For the following reasons, Ledford's Motion for Default and for Summary Disposition will be DENIED.

1

**DISCUSSION**

As can be gleaned from the caption of his filing, Ledford has filed a Motion seeking multiple forms of relief in a single filing. This type of motion practice is expressly prohibited by this Court's local rules. N.D.Ind. L.R. 7-1(a) specifically provides "Motions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption." A review of the Defendant's attempt to respond to these motions, which have different response times under the Court's rules, evidences why the local rule is in place and why it should be observed here. Indeed, the Defendant has responded to the Motion for Default, but has not yet responded to the Motion for Summary Disposition, as the response time has yet to run.

*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure and this Court's local rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (stating that although "courts are required to give liberal construction to pro se pleadings[,] ... it is also well established that pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure"). This said, because Ledford has not complied with this Court's local rules, on this basis alone, his Motions are DENIED.

Moreover, even if the Court entertained the Plaintiff's request for the entry of default, that request is not supported by the record, the Defendants not having "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Indeed, the record as well as the recitation in the Defendant's

response to the request for default makes it clear that Defendant Hahn complied with his pleading/defense obligations.[1]

With respect to the Motion for Summary Disposition, the form and substance of that request is, at best, confusing and at worst completely inadequate. Summary judgment is proper where the evidence of record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute that precludes summary judgment. Id. at 324. "[A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). If the nonmovant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material issue, then the Court must enter summary judgment against it. *Id.*

Here, the Plaintiff's Motion appears to be an attempt to file one Motion in all of his cases without particularizing the Motion to each case he has pending. The first evidence of this is the caption of his Motion which lists all the defendants in all the various cases he has pending and has the original case number in the original case prior to severance crossed out and the new case number filled in. The body of the motion is, in essence, a hodge podge of facts against all the defendants in all his separate cases including those not joined in this particular lawsuit and with

---

[1] Ledford also appears to make some allegations as to discovery violations, possibly by this Defendant. To the extent, Ledford would like these specific problems addressed by the Court, he needs to file a separate motion in the case with the defendant he believes has committed discovery violations specifying the exact violations he is asserting and seeking relief.

broad reference to various filings in the original case prior to severance, only some of which appear relevant to Defendant Hahn. For example, at page 2 of his filing he directs the court to "see all affidavits and evidence" from *Ledford v. Shefferly* without any particular citation to the record or to what factual allegations the record supports. However, under the Federal Rules:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> Fed. R. Civ. P. 56(c)(1).

In this case, the Plaintiff does not cite to any specific materials in support of his allegations, and the Court is not obligated to accept his sweeping allegations at face value. See Wilson v. Kautex, Inc., No. 1:07-CV-60, 2009 WL 1657463, at *5 (N.D. Ind. June 10, 2009) (noting that "the Court cannot accept the facts as asserted by the Plaintiff in her Motion for Summary Judgment . . . because almost without exception she failed to support these asserted facts with admissible evidence in accordance with the local rules"); see also *Welch-Rubin v. Sandals Corp.*, 3:03CV481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) ("Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient."). Therefore, the Court will deny the Plaintiff's Motion with leave to refile. However, the Court advises Ledford that any future Motion for Summary Disposition must comply with Fed.R.Civ.P. 56 and N.D.Ind. L.R. 56.1. Ledford must present a factual basis with reference to specific evidentiary support for his claims against the sole remaining Defendant in THIS lawsuit, Defendant Hahn.[2] He must separate the allegations of misconduct by Defendant Hahn from all of

---

[2] The Court previously dismissed the case against LaPorte County, Indiana by order dated 12/3/2018. [DE 123]

his other allegations against the other defendants as Defendant Hahn is the sole defendant in THIS case.

## **CONCLUSION**

For the reasons stated above, the Plaintiff's Motion for Entry of Default, for Summary Disposition and/or Request for Trial by Jury [DE 132] is DENIED.

Entered: This 2nd day of May, 2019.

s/ William C. Lee<br>
United States District Court