UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CARL LEE LEDFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:18-CV-364-HAB |
| ANDREW D. HAHN, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Andrew D. Hahn's ("Hahn") Motion for Summary Judgment[1] (ECF No. 136) filed on May 2, 2019. Plaintiff Carl Lee Ledford ("Ledford") filed his Response and Memorandum of Law (ECF No. 144) on July 2, 2019. Hahn filed his Reply (ECF No. 146) on July 17, 2019. This matter is now ripe for review.

I. FACTUAL BACKGROUND

On October 16, 2016, Hahn, a Deputy Sheriff with the LaPorte County Sheriff's Department, observed a black 2001 Chevrolet traveling at an excessive speed on County Road 400 North in LaPorte County, Indiana. Hahn stopped the vehicle and advised Ledford that Hahn had pulled him over for speeding. The interaction between the two men was benign, ending with Hahn issuing Ledford a warning citation for speeding.

---

[1] Hahn's Motion recounts the tortured procedural history of this case, the vast majority of which is irrelevant for the purposes of the Court's summary judgment ruling. Suffice it to say that where once Ledford had sued a number of law enforcement agencies and officers from across Northern Indiana, now only Hahn remains as a defendant under this cause number.

## II. LEGAL DISCUSSION

A.  *Standard of Review*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

The law does not exempt a pro se party facing summary judgment from demonstrating a material dispute of fact, and furthermore, the law does not require a district court judge to scour the record in search of a dispute of fact on behalf of a pro se party. Pro se status may excuse compliance with some of the technical rigors of summary judgment. *See Kincaid v. Vail*, 969 F.2d 594, 598 (7th Cir. 1992). Nevertheless, pro se status alone does not excuse noncompliance with all procedural rules. *Members v. Paige*, 140 F.3d 699, 702–03 (7th Cir. 1998) (explaining that "rules apply to uncounseled litigants and must be enforced"). "The essence of liberal construction [given to pro se parties] is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, in the context of summary judgment, a district court need not, even for pro se plaintiffs, "scour the record looking for factual disputes," and a pro se party cannot avoid summary judgment without demonstrating a material dispute of fact. *Greer v. Bd. of Ed. of the City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001).

B.  *Hahn is Entitled to Summary Judgment*

Ledford cannot prevail on his claim that the October 16, 2016, traffic stop was a violation of his Fourth Amendment rights unless the stop was unreasonable. *United States v. Miranda-Sotolongo*, 827 F.3d 663, 666 (7th Cir. 2016). The Supreme Court has held that the decision to stop an automobile is reasonable when the police have probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996); *see also United States v. Smith*, 668 F.3d 427, 430 (7th Cir. 2012) ("A traffic stop does not violate the Fourth Amendment when the police officer has probable cause to believe that a driver has committed [a traffic violation]."). Probable cause exists when "the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense." *United States v.*

*Cashman*, 216 F.3d 582, 586 (7th Cir. 2000). "A stop and search can be reasonable even if the defendant did not actually commit an offense as long as the officer reasonably believed an offense occurred." *United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006).

Indiana Code § 9-21-5-2 makes it a Class C infraction to travel in excess of the posted speed limit. Based on his observation, Hahn reasonably believed that Ledford was traveling in excess of the speed limit. These circumstances supplied the necessary probable cause for the stop.

Hahn has identified those portions of the record that he believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, Ledford was required to marshal and present the court with the evidence on which a reasonable jury could rely to find in his favor. *See AA Sales & Assocs., Inc. v. Coni-Seal, Inc.*, 550 F.3d 605, 613 (7th Cir. 2008). "When a plaintiff fails to produce evidence, the defendant is entitled to judgment; a defendant moving for summary judgment need not produce evidence of its own." *Marion v. Radtke*, 641 F.3d 874, 876–77 (7th Cir. 2011) (citing *Celotex*, 477 U.S. 317).

In short, Ledford's claims fail because he puts forth no evidence that would enable a reasonable jury to find that Hahn lacked probable cause to stop his vehicle. Ledford has designated no evidence whatsoever in response to Hahn's summary judgment, instead simply reiterating the allegations of his Complaint. Because Ledford has not presented the Court with evidence on which a reasonable jury could rely to find in his favor, *see Goodman*, 621 F.3d at 654, Hahn is entitled to judgment as a matter of law on the claim that he violated Plaintiff's Fourth Amendment rights in connection with the October 16, 2016, traffic stop.

### III. CONCLUSION

For the foregoing reasons, Hahn's Motion for Summary Judgment (ECF No. 136) is GRANTED. The Clerk is directed to enter judgment in favor of Hahn and against Ledford.

SO ORDERED on August 6, 2019.

                                              s/ Holly A. Brady
                                              JUDGE HOLLY A. BRADY
                                              UNITED STATES DISTRICT COURT